IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jeffrey Braithwaite, et al.,                          Case No. 3:08CV1771

         Plaintiff

      v.                                                      ORDER

Sec'y, Department of Homeland Security,

         Defendant

This is a suit by two employees of the Transportation Security Agency [TSA] challenging decisions by the TSA not to promote them. Pending is a motion by the plaintiffs to compel disclosure of a 2004 Management Inquiry involving the removal of another TSA employee. [Doc.26].[1]

Pursuant to prior order, the defendant has filed unredacted and redacted versions of the report. I have read and compared both.

The defendant opposes the motion on several grounds.[2] Without addressing all the reasons the defendant offers against disclosure, I conclude that disclosure is not warranted.

---

[1] Though filed on behalf of both plaintiffs, the motion seeks disclosure only as to plaintiff Bruce Schneider.

[2] Among those grounds is the failure of plaintiffs' counsel to have complied with Local Civ. R. 37, which bars filing of motions to compel until the parties have met and conferred in an effort to resolve their disputes – and, if that effort fails, contacting the court informally.

Normally, I would overrule the pending motion on the basis of such noncompliance. In this instance, it is as easy and efficient simply to disregard counsel's inattentiveness and overrule the motion.

First: the report contains but passing references to plaintiff Schneider. All of those references reflect information about his performance that, in all likelihood, is available from other sources. To the extent that it is not, it simply is not relevant to his claims in this case.

Even if the references were somehow relevant, they are not discoverable as they are encompassed within the overall document, which, in turn, the executive deliberative process protects from disclosure. The references to the plaintiff are interwoven with the remainder of the report, which relates to mismanagement by another employee.

The report, as it should, thoroughly explicates that mismanagement. Were I to require the disentanglement of the references because the report's detail makes it possible, I would be incentivizing decreased thoroughness of inquiry and review. That would serve no one's interests, and disserve the interests of the agency and public.

Even if the references in the report might provide some shred of useful discovery to the plaintiff, Schneider, the risks to the interests provided by the executive deliberative process privilege overwhelming outweigh any such usefulness.

It is, therefore,

ORDERED THAT the plaintiffs' motion to compel [Doc. 26] be, and the same hereby is overruled.

So ordered.

s/James G. Carr<br>
James G. Carr<br>
Chief Judge