IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jeffrey Braithwaite, et al.,            Case No. 3:08CV1771

       Plaintiff

  v.                                            ORDER

Department of Homeland Security, Secretary of,

       Defendant

       This is an employment discrimination case in which I granted summary judgment for defendant. Pending is plaintiffs' Motion to Alter or Amend the Judgment pursuant to Fed. R. Civ. P. 59(e). [Doc. 43]. Defendant has filed an opposition to plaintiffs' motion.

       For the following reasons, plaintiffs' motion shall be overruled.

       A Rule 59(e) motion enables a court to correct clear errors of law, consider newly discovered evidence or an intervening change in controlling law, or otherwise prevent manifest injustice. *E.g., GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). As a practical matter, when properly filed, a Rule 59(e) motion gives me a chance to correct my mistakes before the Court of Appeals has to. *E.g.*, *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 451 (1982).

       Though their filing may be commonplace (this being the third such motion before me this week), they are, as I noted in *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (quoting *In re August, 1993 Regular Grand Jury*, 854 F. Supp. 1403, 1406 (S.D. Ind. 1994), "'extraordinary in nature and, because they run contrary to finality and repose, should be discouraged.'"

It is not the function of a Rule 59 motion, whether captioned as a motion to alter or amend judgment or, as in *McConocha*, for reconsideration,[1] "either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'" *Id*. (quoting *In re August 1993 Regular Grand Jury*, *supra*, 854 F. Supp. at 1408).

Despite its florid language, plaintiffs' motion, on examination, manifests simply disagreement with my decision, rather than identification of an error of law or other manifest injustice.

Plaintiffs first contend that the statement in my opinion, "[u]nder the hub-and-spoke plan, displaced employees had no right or priority of transfer to other TSA positions, whether open or occupied," [Doc. 41, at 3], was factually incorrect, and that such inaccuracy undercuts my decision.

The basis for that statement is, however, the parties' joint stipulation of facts as to the TSA hub-and-spoke plan in the administrative proceeding before the Equal Employment Opportunity Commission. Exhibit 11 to defendant's summary judgment motion states that displaced employees had no priority or bumping rights. [Doc. 24-11, at Ex. S-4, pages 4, 10, 13]. A paraphrase of a previously stipulated exhibit hardly constitutes a mis-statement of fact.

Next, plaintiff Braithwaite renews his arguments about his putative qualifications for a security inspector position. He adds nothing new to arguments I already considered and found wanting. There is, accordingly, nothing to reconsider as to this issue.

---

[1] However captioned, such motions are treated as Rule 59(e) motions. *Rainworks Ltd. v. Mill Rose Co.*, 2009 WL 2382974, *1 (N.D. Ohio).

Plaintiff Schneider likewise is disappointed, and disagrees, with my analysis. Such contentions are properly made in the Court of Appeals, not in a Rule 59(e) motion.

Plaintiffs argue that I mis-applied Fed. R. Evid. 404. This contention likewise expresses disagreement with my view and application of the law. If I have in fact erred, I leave it to the Sixth Circuit to tell me so. If it does so, I am certain that its statement of reasons will be more persuasive than those set forth in plaintiffs' pending motion.

Nothing in plaintiffs' Rule 59(e) motion does anything except claim that my decision was wrong. That is not a basis for asking me to revisit that decision, re-analyze the arguments and law and reconsider that decision.

I have expressed my strong aversion to motions for reconsideration in published opinions. *See, e.g.*, *Andersons, Inc. v. Consol, Inc.*, 208 F. Supp. 2d 847 (N.D. Ohio 2002). Plaintiffs' attorney was thus on notice that he would provoke an award of fees in defendant's favor if his motion did not prevail: namely, up to $2,000 to reimburse the non-movant for attorney time expended in responding to the motion. As I stated in *Verhoff v. Time Warner Cable, Inc.*, 2007 WL 1362360, *1 (N.D. Ohio):

> Under normal circumstances, to cut short sideshow litigation such as this concerning fee awards, I usually include an award of fees for $2,000 in an order denying a motion to reconsider. I make clear, though, that if the party that filed and lost the motion thinks that amount is unreasonable, it can demand [and will get] an accounting from prevailing counsel and review by me. Most often, no such challenge is made-which, of course, is, in part, the purpose for setting that figure, which I estimate usually corresponds roughly to what would have been generated in hours and fees in responding to the run of the mill reconsideration motion.

While I noted in *Verhoff* that that case did not "involve a typical reconsideration motion," such that a higher fee award was justified, *id*. at *2, the motion in this case is of the more common, though equally improper, sort.

Thus, I order plaintiffs' counsel to reimburse the government for the time expended (at the rate of $200/hour), or $2,000, whichever is less, for the time its attorney expended unnecessarily in preparing her response to plaintiffs' motion.

It is, therefore,

ORDERED THAT:

1. Plaintiffs' motion to alter or amend judgment [Doc. 43] be, and the same hereby is, overruled;

2. If the time defendant's attorney expended in responding to such motion was less than ten hours, she shall by April 9, 2010, so inform plaintiffs' counsel; and

3. On or before April 26, 2010, plaintiffs' counsel shall tender $2,000, or such lesser amount as described above, to defendant.

So ordered.

                                                                  s/James G. Carr
                                                                  James G. Carr
                                                                  Chief Judge